IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ALLEN BENNEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> THOMAS MCGINLEY, ATTORNEY ) <br> GENERAL OF PENNSYLVANIA, and ) <br> WASHINGTON COUNTY DISTRICT ) <br> ATTORNEY, ) <br> ) <br> Respondents. ) | Civil Action No. 18-1223 <br><br> District Judge Marilyn J. Horan <br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF Nos. 74 and 87 |

## MEMORANDUM ORDER

Robert Allen Benney ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette") in LaBelle, Pennsylvania.

### I. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner initiated the present matter by filing a Petition for Writ of Habeas Corpus by a State Inmate under 28 U.S.C. § 2254 (the "Petition"). ECF No. 1. At the time of filing, Petitioner was incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"), in Coal Township, Pennsylvania. Id. at 60. Petitioner challenges his 2009 convictions in the Court of Common Pleas of Washington County, Pennsylvania, of the following crimes:

- Burglary, in violation of 18 Pa C.S.A. § 3502(a);

- Robbery involving threats or fear of immediate serious bodily injury, in violation of 18 Pa. C.S.A. § 3701(a)(1)(ii);

- Theft by unlawful taking, in violation of 18 Pa. C.S.A. § 3921(a);

- Aggravated assault, in violation of 18 Pa. C.S.A. § 2702(a)(4);

- Rape by forceable compulsion, in violation of 18 Pa. C.S.A. § 3121(a)(1);

- Involuntary deviate sexual intercourse, in violation of 18 Pa. C.S.A. § 3123(a)(1);

1

- Terroristic threats, in violation of 18 Pa. C.S.A. § 2706(a)(1);

- Unlawful restraint, in violation of 18 Pa. C.S.A. § 2902(a); and

- Criminal conspiracy, in violation of 18 Pa. C.S.A. § 903(a)(1).

Com. v. Benney, No. 168 WDA 2018, 2019 WL 2068505, at *1 (Pa. Super. Ct. May 10, 2019). See also Docket, Com. v. Benney, No. CP-63-CR-1104-2008 (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-63-CR-0001104-2008&dnh=DWHh9VE8PROLpPQVaq1kqg%3D%3D (last visited June 29, 2023)).

Petitioner's jury trial began on February 2, 2009, and he was convicted on February 5, 2009. Trial Tr. dated Feb. 02-05, 2009, ECF No. 30-6 at 166-67. On May 21, 2009, the trial court sentenced Petitioner to an aggregate term of imprisonment of 47-94 years. Benney, 2019 WL 2068505, at *1. See also Sentencing Ord. dated May 21, 2009, ECF No. 30-2 at 1677-85.

This Court received the Petition requesting federal habeas relief on September 18, 2018. ECF No. 1. The proof of mailing on the Petition is dated September 6, 2018. Id. at 60. Pursuant to the prison mailbox rule, September 6, 2018 is presumed to be the effective filing date of the Petition. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

Petitioner raises the following grounds for relief.

Ground One: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT WHEN THE COMMONWEALTH PRESENTED INADMISSIBLE OPINION TESTIMONY THAT IMPERMISSIBLY BOLSTERED THE VICTIM'S CREDIBILITY.

ECF No. 1 at 6. Petitioner refined this somewhat in his brief.

> Trial counsel was ineffective under Strickland v. Washington, 466 U.S. 688 (1984) for failing [t]o object when the Commonwealth presented inadmissible opinion testimony that impermissibly bolstered the victim's credibility.

ECF No. 8 at 16.

      Ground Two:      TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT WHEN A COMMONWEALTH WITNESS INVADED THE PROVINCE OF THE JURY AND GAVE INADMISSIBLE TESTIMONY THAT HE HAD "ABSOLUTELY NO DOUBT" THAT PETITIONER WAS GUILTY.

ECF No. 1 at 10. Again, Petitioner refined this ground in his brief.

      Trial counsel was ineffective under <u>Strickland</u> for failing to object when a Commonwealth witness (Detective Luppino) invaded the province of the jury and gave inadmissible testimony that he had "Absolutely no doubt" Petitioner was guilty.

ECF No. 8 at 16.

      Ground Three:      PETITIONER'S RIGHT TO DUE PROCESS WAS VIOLATED BY THE COMMONWEALTH'S USE OF PRIOR BAD ACTS EVIDENCE THAT WAS NOT ADMISSIBLE.

ECF No. 1 at 14. Petitioner restates this ground without substantive change in his brief.

      Petitioner's due process rights were violated by the Commonwealth's use of prior bad acts evidence.

ECF No. 8 at 16.

      Ground Four:      PETITIONER'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT WAS VIOLATED WHEN THE COMMONWEALTH COMMITTED PROSECUTORIAL MISCONDUCT BY INTRODUCING FALSE TESTIMONY AND MISREPRESENTATIONS TO THE TRIAL COURT.

ECF No. 1 at 17. Petitioner restates this ground without substantive change in his brief.

      Petitioner's due process rights were violated when the Commonwealth committed prosecutorial misconduct by introducing false testimony and misrepresentations to the jury/court.

ECF No. 8 at 16.

      Ground Five:      PETITIONER'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WERE VIOLATED BY THE DESTRUCTION OF FINGERPRINT EVIDENCE.

ECF No. 1 at 23. Petitioner expands the scope of this ground somewhat in his brief.

>> Petitioner's due process rights were violated by the destruction of fingerprint evidence and false testimony related to it.

ECF No. 8 at 16.

> Ground Six: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT, OR SUPPRESS PRETRIAL IDENTIFICATION WHICH VIOLATED PETITIONER'S FOURTH, FIFTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION.

ECF No. 1 at 30. Petitioner refines this ground in his brief.

>> Trial counsel was ineffective under Strickland for failing to object or suppress unreliable and suggestive pretrial identification of the codefendant, which violated Petitioner's 4th, 5th, and 14th Amendment Rights.

ECF No. 8 at 16.

> Ground Seven: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR A JUDGMENT OF ACQUITTAL ON THE RAPE CHARGE. ALTERNATIVELY, PETITIONER'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WERE VIOLATED.

ECF No. 1 at 38. Petitioner restates this ground without substantive change in his brief.

>> Trial counsel was ineffective under Strickland for failing to move for a judgment of acquittal on Petitioner's rape charge. Alternatively, Petitioner's due process rights (14th) were violated.

ECF No. 8 at 16.

> Ground Eight: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO [OBJECT TO] AN ERRONEOUS JURY INSTRUCTION ON THE UNLAWFUL RESTRAINT CHARGE. ALTERNATIVELY, PETITIONER'S DUE PROCESS RIGHTS WERE VIOLATED.

ECF No. 1 at 45. Petitioner restates this ground without substantive change in his brief.

>> Trial counsel was ineffective under Strickland for failing to object to an erroneous jury instruction on the unlawful restraint charge. Alternatively, Petitioner's due process rights were violated.

ECF No. 8 at 16.

Currently before this Court is Petitioner's Motion for Further Transcription of a State Court Record, ECF No. 74, in which Petitioner seeks a full transcription of a pre-trial hearing dated October 9, 2008 in his underlying criminal case. Id. at 1-2. There is no dispute that Petitioner possesses a partial transcription. ECF No. 74-1. The record indicates that Petitioner has had access to the partial transcription since at least July 1, 2012. ECF No. 30-2 at 1495 (correspondence from Petitioner to his PCRA counsel, dated July 1, 2012, indicating that the transcripts that he received are "fairly complete except for Oct 9 2008 it is only a partial scribed record." The partial transcript is identical to the partial transcription of that hearing that is in the state court record in this case, and which currently is in possession of this Court. There is no indication that the entire hearing ever has been transcribed.

The existing partial transcription is of a side bar during which Petitioner expressed concern over the quality of trial counsel's representation and over the fact that he had previously represented a witness for the prosecution. The apparent disappearance of the tapes from Petitioner's preliminary hearing also was discussed. Partial Tr. of Hr'g dated Oct. 9, 2008, ECF No. 74-1 at 1-7. None of issues recorded in the partial transcription provides a basis for any ground for federal habeas relief asserted in the Petition.

Petitioner asserts that the untranscribed sidebar includes a "discussion about presenting multiple defense or theories to a jury[,]" which was "a determining factor to pursue going to trial." ECF No. 74 at 2. During a Grazier hearing held by the first PCRA trial court on April 4, 2016, Petitioner asserted that the untranscribed portion allegedly related to "two of the claims about [prosecution witness] Officer Rush testifying in an expert capacity and the training that he received

to recognize victims' behavior and sexual assaults."[1] ECF No. 68 at 17. But this specific basis is not raised in his motion. Rather, Petitioner generally argues that the untranscribed portion is relevant to defaulted ineffective assistance of counsel claims in the Petition, and that the untranscribed portion of the hearing is relevant to determining whether counsel acted with the requisite duty of care. ECF No. 74 at 2.

Respondents filed their brief in opposition to the instant motion on January 12, 2023. ECF No. 84. They indicated that they have found possible shorthand notes from the October 9, 2008 proceedings by the court reporter, but that she was deceased, and "[s]everal court reporters were unable to translate these shorthand notes[.]" Id. at 3. Petitioner seeks leave to reply that there are only so many established shorthand systems, and that he should be given a copy of the notes so he can seek their transcription himself.[2] ECF No. 87.

This Court construes Petitioner's motion at ECF No. 74 as a motion for discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases. The discovery motion is ripe for consideration.

## II.     DISCOVERY IN FEDERAL HABEAS PROCEEDINGS

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997); Harris v. Nelson, 394 U.S. 286, 297 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding."). Discovery is authorized in Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Court only by leave of

---

[1] This relates to Petitioner's Ground One, which this Court recommends denying on the merits in the Report and Recommendation contemporaneously filed herewith. ECF No. 90.

[2] Petitioner captions his reply as a motion for leave to reply to which his reply is attached. ECF No. 87 at 1. This motion will be granted, and the substance of his reply will be considered.

6

court upon a showing by the petitioner of "good cause," which may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief[.]" Harris, 394 U.S. at 300; see also Bracy, 520 U.S. at 908-09; Lee v. Glunt, 667 F.3d 397, 404 (3d Cir. 2012).

"The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011). "[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery[.]" Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991); Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) (same). Additionally, Rule 6 does not authorize what is commonly referred to as "fishing expeditions," and it is not enough for a petitioner to speculate that the discovery he seeks might yield information that would support one of his claims or that it would give support to a new claim. See, e.g., Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994) (quoting with approval Munoz v. Keane, 777 F. Supp. 282, 287 (S.D.N.Y. 1991) ("petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence")); see also Rega v. Wetzel, No. 13-cv-1781, 2014 WL 4079949, at *2 (W.D. Pa. Aug. 18, 2014); Tedford v. Beard, No. 09-cv-409, 2010 WL 3885207, at *4 (W.D. Pa. Sept. 28, 2010) ("Because a petitioner in a § 2254 case must first exhaust any claim in state court before he brings it in federal court, a federal court must, in considering a state prisoner's motion for discovery, take into account any lack of diligence on the petitioner's part in developing the record in state court.").

Further, where an assessment of a habeas petition reveals that it fails on some legal ground, the proper course is to deny motions seeking factual discovery. Brown v. DiGuglielmo, No. 07-3465, 2007 WL 4242266, at *1 n.2 (E.D. Pa. Nov. 29, 2007) (citing Williams v. Bagley, 380

7

F.3d 932, 974-76 (6th Cir. 2004)) (noting that discovery requests relating to procedurally defaulted claims were properly denied because discovery could not lead to a colorable basis for relief on those claims); Peterkin v. Horn, 30 F. Supp. 2d 513, 518-20 (E.D. Pa. 1998) (same).

### III. DISCUSSION

Upon review, the Court finds that Petitioner fails to demonstrate good cause for production of the untranscribed sidebar from the pretrial hearing of October 9, 2008. First, Petitioner does not explain how, exactly, a discussion of potential strategy during a sidebar that occurred roughly four months before the commencement of his trial would support any of his ineffective assistance of counsel claims. Petitioner has not established – or even alleged – how any of the discussion during the sidebar related to any of the strategy that actually was implemented at trial. This is especially important given Petitioner's admission that his strategy at trial was constantly evolving in response to the prosecution's case against him. ECF No. 86 at 11-12 ("Due to unforeseeable circumstances and ever-changing alleged facts, counsel and [P]etitioner strategized multiple defenses[.]")

Petitioner asserts in his motion that this sidebar occurred after the "[i]ntroduction of the case and inst[u]ctions to the jury." ECF No. 74 at 2. Indeed, jury selection ostensibly was the reason for proceedings on October 9, 2008. ECF No. 74-1 at 1. However, that jury was excused before it was impaneled. A different jury was selected and impaneled for Petitioner's trial in February of 2009. ECF No. 30 at 16. See also Direct Appeal. Trial Ct. Op., ECF No. 30-2 at 1555-57 (first jury not impaneled and excused before trial); id. at 1563 (second jury chosen for Petitioner's trial in February of 2009). Thus, the jury that was impaneled for Petitioner's trial in February 2009 had no chance to be affected in any way by the sidebar at issue.

Also, Petitioner fails to connect the sidebar with any specific ground raised in the Petition. To the extent that it relates to Officer's Rush's testimony at trial, see ECF No. 68 at 17, that would be relevant to Ground One. But such a connection is just speculation, as Petitioner does not raise this argument in his motion. In any event, any strategy discussed during the hearing with respect to Officer Rush will not save Petitioner's claim at Ground One, as the undersigned has opined in the contemporaneously filed Report and Recommendation that Petitioner cannot show the prejudice required to prevail on that ground. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

To the extent that Petitioner asserts that the full transcript would support cause under the equitable rule in Martinez v. Ryan, 566 U.S. 1 (2012), see ECF No. 74 at 1, Martinez is not applicable to any of his defaulted grounds for relief for the reasons stated in the contemporaneously filed Report and Recommendation.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's "Motion to Respond to and Response to Respondent's Response to Petitioner's Motion for Further Transcription of State Court Record," ECF No. 87, will be granted, and the arguments therein considered. Petitioner's "Motion for Further Transcription of a State Court Record," ECF No. 74, will be denied.

An appropriate Order follows.

AND NOW, this 29th day June, 2023, IT IS HEREBY ORDERED, ADJUDGED and DECREED that: Petitioner's "Motion to Respond to and Response to Respondent's Response to Petitioner's Motion for Further Transcription of State Court Record," ECF No. 87, is GRANTED. Petitioner's arguments made therein will be considered in connection with his discovery motion.

IT IS FURTHER ORDERED that Petitioner's "Motion for Further Transcription of a State Court Record," ECF No. 74, is DENIED.

IT IS FURTHER ORDERED that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any party opposing such an appeal may respond within fourteen (14) days thereafter. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  ROBERT ALLEN BENNEY
JB4701
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450

All counsel of record (*via* CM/ECF)