IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ALLEN BENNEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Civil No. 18-cv-1223 |
| | ) |
| THOMAS McGINLEY, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION and ORDER**

Robert Allen Benney (Petitioner) has filed a Petition for Writ of Habeas Corpus by a State Inmate pursuant to 28 U.S.C. § 2254, challenging his state court judgment of sentence following his 2009 conviction, in the Court of Common Pleas Washington County, for burglary, robbery involving threats of fear of immediate serious bodily injury, theft by unlawful taking, aggravated assault, rape by forcible compulsion, involuntary deviate sexual intercourse, terroristic threats, unlawful restraint, and criminal conspiracy. ECF No. 1. The case was referred to Magistrate Judge Maureen P. Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D. Magistrate Judge Kelly issued a Report and Recommendation, filed June 29, 2023, recommending that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied. ECF No. 90.[1]

---

[1] This matter was stayed on October 8, 2018, shortly after it was filed, at the request of Petitioner, while Petitioner exhausted post-conviction proceedings in state court. ECF No. 3. This matter remained stayed until February 25, 2020. ECF No. 9.

## Discussion

The factual background and procedural background of this case, described in the Opinions of the Pennsylvania Superior Court and the Washington County Court of Common Pleas, are presented at length in the Magistrate Judge's Report and will not be repeated here. ECF No. 90, at 2-8. An abbreviated factual background follows. Petitioner, and a coconspirator recruited by Petitioner, conspired to break into the victim's residence with the intent of stealing valuables, in particular, the victim's deceased spouse's coin collection. Petitioner knew about the coin collection, and that the victim lived alone, because he had previously worked inside the house when employed by a contractor. Pursuant to Petitioner's plan, the coconspirator broke a window at the back door to attract the victim and then the Petitioner broke in through the front door. Petitioner directed the coconspirator as to where to look for valuables. Petitioner stayed with the victim and proceeded to persecute and abuse her both sexually and physically. When the coconspirator returned to where Petitioner and the victim were, Petitioner directed the coconspirator to tie the victim's hands together. The coconspirator tied the victim's hands loosely and whispered to her that she was going to be alright. The two eventually left the house, leaving the victim tied up on a chair in her basement.

## Objections

Petitioner requested, and was granted, an extension of time to file Objections. Thereafter, Petitioner timely filed Objections on August 30, 2023. ECF No. 93. Respondents filed a Response to the Objections on November 28, 2023. ECF No. 98. The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). In doing so, the district court "may accept, reject, or

modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Petitioner Objects to the Magistrate Judge's Report and Recommendation as to his claims set forth in Grounds Two, Four, Five, Six, Seven, and Eight.  For the reasons that follow, after *de novo* review, the Court finds that Petitioner's Objections do not undermine the recommendation of the Magistrate Judge.

### Ground Two (Objections 1, 2, and 3)

In Ground Two, Petitioner claims that his trial counsel was ineffective for failing to object to the testimony of investigating Detective Luppino's testimony that he had "[a]bsolutely no doubt" that the Petitioner was guilty.  The relevant trial testimony occurred as follows:

> Q.  You, as a seasoned investigator and detective, you have no doubt that [Petitioner] is the person who was there with [the second actor]?
> A.  Absolutely no doubt.
> Q.  I believe all points of your investigation lead[] you to [conclude that] these were the two actors in that home that evening?
> A.  Absolutely.

*See* Report, ECF No. 90, at 33.

The Magistrate Judge found that the Pennsylvania Superior Court's disposition was not contrary to or an unreasonable application of Supreme Court precedent.  28 U.S.C. §§ 2254(d) & (e); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).  The Pennsylvania Superior Court majority concluded that Detective Luppino's testimony was properly admitted under Pennsylvania Rule of Evidence 701, and therefore, the Superior Court held that the trial court did not abuse its discretion in admitting the testimony. *Commonwealth v. Benney*, No. 680 WDA 2015, 2017 WL 527968, at *6 (Pa. Super. Ct. Feb. 8, 2017).  In a concurring opinion, Judge Strassberger disagreed with the majority's conclusion that Detective Luppino's testimony was necessarily properly admitted and instead, would have proceeded to an examination of whether counsel was ineffective for failing to object to the testimony.  *Id.* at *8.  Judge Strassburger then concluded

that the claim would fail for failure to show that Petitioner was prejudiced by counsel's ineffectiveness. *Id.* Similarly, the Magistrate Judge reviewed the trial evidence to conclude that, even if this Court did not defer to the Superior Court's holding that the testimony was properly admitted, Petitioner was not prejudiced by his counsel's alleged ineffectiveness, given the strength of the evidence presented to the jury.

In Petitioner's present Objections, he challenges the Superior Court's holding that the trial court did not abuse its discretion in admitting the testimony, and he challenges the Magistrate Judge's reliance on said holding in determining that the Superior Court's decision was not unreasonable. In Objection 1, Petitioner complains that the Superior Court erred by applying an abuse of discretion standard to an ineffective assistance of counsel claim. The Court disagrees. Petitioner's ineffective assistance of counsel claim has two components: Detective Luppino's allegedly improper testimony and trial counsel's failure to object to said testimony. If Detective Luppino's testimony is admissible and is not contrary to law or the rules of evidence, then trial counsel cannot be deemed ineffective for failing to object at trial. The Superior Court deemed Detective Luppino's testimony admissible; therefore, trial counsel was not ineffective for failing to object to properly admitted testimony, as any objection would have been overruled.

In Objection 2, Petitioner argues that the Magistrate Judge erred by applying section 2254(d)(1)'s standard, which states, in part, that a habeas petition

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim— (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1). Petitioner argues that the Magistrate Judge should have applied the standard set forth in section 2254(d)(2), which states, in part, that a habeas petition

4

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim— (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2). Petitioner argues that the Superior Court's decision is based upon an unreasonable determination of the facts. Specifically, the portion of the Superior Court's opinion referring to the basis for Detective Luppino's testimony:

> our review of the record indicates that the trial court did not abuse its discretion by admitting Sergeant Luppino's lay opinion testimony into evidence, as it was clearly *based upon his investigation of the crime scene and 17 years' experience as a police officer*. (See notes of testimony, 2/2–5/09 at 213–214, 228.) Accordingly, trial counsel was not ineffective for failing to object to this testimony.

*Benney*, No. 680 WDA 2015, 2017 WL 527968, at *6 (emphasis added). Petitioner specifically argues that the Superior Court's factual determination that the testimony "was based upon [Detective Luppino's] investigation of the crime scene," was unreasonable. Petitioner argues that Detective Luppino testified about a variety of matters other than his investigation of the crime scene. Furthermore, he argues that just prior to the question that elicited the "no doubt" response, Detective Luppino answered questions about the trial testimony of others.

The Magistrate Judge did not err by failing to conclude that the Superior Court issued an "unreasonable determination of the facts in light of the evidence presented." Initially, the Magistrate Judge's conclusion that the Superior Court's resolution of Petitioner's ineffectiveness claim was not contrary to or an unreasonable application of Supreme Court precedent, necessarily affirms that the Superior Court's factual determinations supporting its decision were not unreasonable. In any event, even if the Superior Court's factual determination was unreasonable, Petitioner's claim cannot succeed as he is unable to show that the outcome of the

5

proceeding would have been different had his trial counsel objected to Detective Luppino's "no doubt" response.

In Objection 3, Petitioner argues that the Magistrate Judge erred in concluding that Petitioner failed to prove prejudice. Petitioner analyzes extensive amounts of trial testimony to conclude that, regardless of the plethora of inculpatory evidence presented at trial, he was prejudiced by Detective Luppino's testimony that Petitioner was present at the home with the second actor. Petitioner's argument does not persuade the Court that the Magistrate Judge erred in her conclusion that Petitioner has failed to show prejudice. The Court agrees that the totality of the evidence against Petitioner was strong in general, and specifically, the totality of the evidence persuasively supports the conclusion that Petitioner was present in the house.

## Ground Four (Objections 4 and 5)

In Ground Four, Petitioner claims that his due process rights were violated when the Commonwealth committed prosecutorial misconduct by introducing false testimony and misrepresentations to the trial court and jury. Specifically, Petitioner is referring to the in-court testimony of the victim, in which she identified a voice played on a recording in open court as being the voice of the less-culpable actor. Petitioner argues that the victim's in-court voice identification of the "less-culpable" assailant was false, primarily because of problems surrounding the pretrial voice identification procedure. The Magistrate Judge ruled that Ground Four had been procedurally defaulted and that the Petitioner had not met his burden to show cause and prejudice to set aside the default.

Petitioner raises two Objections to the Magistrate's report as to Ground Four. In Objection 4, Petitioner argues that the Magistrate Judge, as well as the Superior Court, misinterpreted his claim by focusing on the fact that the voice recording was not missing and was

in fact played at trial. Both the Magistrate Judge and the Superior Court concluded that the presence of the voice recording, played in open court while the victim testified, presented Petitioner with the opportunity to cross-examine both the victim and law enforcement regarding the recording and the voice identification procedure used by law enforcement. Petitioner explains that, rather than focusing on the voice recording played at trial, his claim in Ground Four is "premised off the conflicting records that created a dispute in a material factual issue as to WHO performed the codefendant's pretrial voice identification procedure." ECF No. 93, at 8. Petitioner submits that only after it is determined "who conducted the codefendant's pretrial voice identification procedure," and when, will Petitioner know "which avenue/claim ground 4 will go/expose." *Id.* Thus, Petitioner, in part, appears to be challenging the authenticity and validity of the voice recording, as well as the prosecution's use of the recording at trial, to obtain the victim's testimony identifying the voice as the less-culpable actor.

     As an initial matter, the burden is on the Petitioner to accurately state his claims to the Superior Court and the District Court. Petitioner did not state his claim in Ground Four as one that was addressing "who" conducted the voice recording and "when." Petitioner framed his Ground Four Claim as a due process violation claim arising out of prosecutorial misconduct, the introduction of false testimony, and misrepresentations. Therefore, contrary to Petitioner's Objection, there is no error in the Magistrate Judge's overall analysis of Ground Four.

     The Court also finds no error in the Magistrate Judge's determination that Petitioner has not shown cause to excuse his default, nor has he shown prejudice. Specifically, as to prejudice, the Magistrate Judge correctly focused on the fact that the victim identified the codefendant's voice from the recording played in open court in front of Petitioner and the jury. The victim identified the codefendant as the actor who did not rape her. Petitioner offers nothing but

speculation that he might eventually uncover some nefarious evidence once he finds out who conducted the initial voice identification, and when, that would somehow undermine the victim's actual testimony in response to the voice recording. Beyond the fact that Petitioner's argument is speculation, his argument fails to sufficiently address the fact that the victim testified at trial that it was the codefendant's voice on the voice recording, independent from any prior investigative procedures regarding who conducted the recording and when. Petitioner's remaining complaints on this subject lack merit.[2]

In Objection 5, Petitioner claims that he had raised an alternative claim within Ground Four. In the second-to-last paragraph of Ground Four, which spans twenty-three pages, Petitioner argues that his trial counsel was ineffective for failing to cross-examine the victim as to, "who performed the [co-actor's] pretrial identification procedure." ECF No. 8-1, at 51. Petitioner also argues that his PCRA counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim on this basis. *Id.* However, said claim is defaulted for failure to be presented in Petitioner's Habeas Petition pursuant to Rule 2(c)(1) of the Rules Governing 2254 Cases (the petition must: (1) specify all the grounds for relief available to the petitioner). This claim is also procedurally defaulted insofar as it extends from the initial claim regarding false testimony. Petitioner has not met his burden to show cause and prejudice such that default of this issue should be set aside. Objection 5 is overruled.

---

[2] The Court notes that with respect to this Objection, and throughout Petitioner's Objections, he reviews and comments on a variety of evidence, as well as out of court and in court statements, to argue that such evidence is weak, questionable, contradictory, or false. However, after a defendant has been convicted by a jury, the presumption is that the jury accepted the prosecution's evidence supporting a conviction. Thus, even if a particular piece of evidence against the defendant is weak, questionable, or contradicted by other evidence, the jury's conviction of the defendant permits the presumption that the jury accepted such evidence as proven. Petitioner's nuanced arguments comparing and contrasting a large amount of the evidence does not persuasively support his arguments in this 2254 habeas proceeding.

### Ground Five (Objections 6 & 7)

In Ground Five, Petitioner claims that his due process rights under the Fourteenth Amendment of the United States Constitution were violated by the following:

- the destruction of a partial fingerprint on a piece of duct tape,
- Detective Luppino's subsequent fraudulent testimony regarding the piece of tape,
- Detective Luppino's lack of qualifications regarding fingerprint examination, and
- The question of what Detective Luppino did with the piece of tape.

This claim was deemed to be procedurally defaulted. The Magistrate Judge concluded that Petitioner failed to demonstrate cause to set aside the default.

In Objection 6, Petitioner claims the Magistrate Judge erred by separating his claim into two parts: (1) the alleged destruction of the piece of duct tape with a partial fingerprint, and (2) Detective Luppino's alleged fraudulent testimony related to his qualifications to analyze fingerprints in the field and whether Detective Luppino submitted the piece of duct tape to the Pennsylvania State Police forensics services. Reviewing this claim in the manner in which Petitioner claims the Magistrate Judge should have analyzed it results in the same conclusion that the claim is procedurally defaulted, and cause and prejudice to excuse the default has not been demonstrated.

In Petitioner's Objection 7, he challenges, in general, the Magistrate Judge's analysis of the substance of his claim, particularly as to cause to excuse the default. None of the arguments raised by Petitioner undermine the Magistrate Judge's analysis.

Objection 6 and Objection 7 are overruled.

### Ground Six (Objections 8 & 9)

In Ground Six, Petitioner claims that his trial counsel was ineffective for failing to object to, or seek suppression of, the unreliable and suggestive pretrial identification of the codefendant,

in violation of the Petitioner's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Ground Six has been deemed procedurally defaulted for failure to raise it in Petitioner's Rule 1925(b) statement in his first PCRA appeal. *Martinez v. Ryan*, 566 U.S. 1 (2012). In Objection 8, Petitioner cites to additional case law to support his argument that his claim is not defaulted; specifically, *Shinn v. Ramirez*, 142 S.Ct. 1718 (2022). A review of the *Shinn* opinion shows that it does not change the outcome, Petitioner's claim asserted in Ground Six is procedurally defaulted. Petitioner's Objection 8 is overruled.

In Objection 9, the Petitioner argues that the Magistrate Judge failed to address his multiple reasons he offered to show cause for his default. ECF No. 93, at 22-24. Such alternative bases for establishing cause for default are unpersuasive. Petitioner's Objection 9 is overruled.

### Ground Seven (Objection 10)

In Ground Seven, Petitioner claims that his trial counsel was ineffective for failing to move for a judgment of acquittal on the rape charge, and alternatively, Petitioner claims his Fourteenth Amendment due process rights were violated. The Magistrate Judge found that Ground Seven was procedurally defaulted and there was no cause to excuse the default.

In Objection 10, Petitioner argues that he did raise the instant claim regarding the rape charge, he attempted to raise the claim, or the claim was not raised due to PCRA counsel and the Courts' failures. The Court finds no error with the Magistrate Judge's conclusion that Ground Seven was procedurally defaulted, and there was no cause to excuse the default.

Alternatively, assuming Petitioner was able to establish cause for his default, the Magistrate Judge found that the substance of his argument has no merit. The Magistrate Judge explained how the victim's testimony, that the intruder put his penis in her mouth, was sufficient

to support a charge of rape under applicable Pennsylvania law, as the jury was instructed. The Petitioner alleges that the Magistrate Judge's conclusion only raises confusion as to which criminal sexual act, rape or involuntary deviant sexual intercourse, went with which jury charge. There is no confusion. The prosecution introduced its evidence supporting a conviction as to each of the two criminal sexual acts. The jury was charged with applicable law to apply in arriving at a verdict on both the charge of rape and the charge of involuntary deviate sexual intercourse. The jury found Petitioner guilty on both counts. There is no need for further specification or speculation as to which jury charge went with which sexual act conviction. The convictions demonstrate that the jury found that the prosecution's evidence established all elements necessary to prove that each crime was committed by Petitioner. Objection 10 is overruled.

## Ground Eight (Objection 11)

In Ground Eight, Petitioner claims that trial counsel was ineffective for failing to object to an allegedly erroneous jury instruction on the unlawful restraint charge, and alternatively, Petitioner claims his due process rights were violated. The Magistrate Judge found that Ground Eight was defaulted for failure to be presented to the Superior Court in a Rule 1925(b) statement. Furthermore, the Magistrate Judge found no cause to set aside default. As to the due process claim, the Magistrate Judge found that said claim was not fairly presented to the state courts. In Objection 11, Petitioner generally disagrees with the conclusion that his claim is defaulted. He does so by relying on the same evidence that was before the Magistrate Judge and considered by her. The Court finds no error with the Magistrate Judge's resolution of Ground Eight. Objection 11 is overruled.

### Certificate of Appealability

The Magistrate Judge recommended that a certificate of appealability be denied. Petitioner specifically argues that a certificate of appealability should be issued as to Ground Two and Ground Four.

In Ground Two, Petitioner claims that his trial counsel was ineffective for failing to object to the portion of Detective Luppino's testimony, in which he testified that he had "[a]bsolutely no doubt" that the Petitioner was guilty. As stated above, and in the Magistrate Judge's Report, the Superior Court majority found that the testimony was properly admitted, and the concurrence, stated that he would have found that Petitioner was not prejudiced by counsel's ineffectiveness. Therefore, the Magistrate Judge's recommendation that a certificate of appealability be denied is proper as jurists of reason would not disagree with the decision on Ground Two.

Next, Petitioner argues that he is entitled to a certificate of appealability on Ground Four based on the presence of conflicting evidence as to *who* conducted the codefendant's pretrial identification procedure, as well as the existence of several pieces of evidence indicating that no one appears to have taken responsibility for the pretrial identification procedure. As already mentioned, Petitioner's arguments are based on speculation and the hope that evidence in his favor will be revealed. A certificate of appealability will be denied as jurists of reason would not disagree with the decision on Ground Four.

Accordingly, a certificate of appealability will be denied.

## ORDER

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following Order is entered:

AND NOW, this 22nd day of January 2024, IT IS HEREBY ORDERED that Petitioner's Objections are overruled and the Petition is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 90, filed on June 29, 2023, by Magistrate Judge Kelly, is adopted as the opinion of the Court as supplemented by this Memorandum Opinion. A certificate of appealability is DENIED, as jurists of reason would not disagree with the analysis of the Report.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the petitioner desires to appeal from this Order he must do so within thirty days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

                                                                                Marilyn J. Horan
                                                                                United States District Court Judge

cc:    Robert Allen Benney, pro se
         JB4701
         SCI Fayette
         48 Overlook Drive
         LaBelle, PA 15450-1050